UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY RUSSELL YBARRA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-171-JD-MGG |
| TRACY PACHECO, | |
| Defendant. | |

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed an amended complaint alleging he did not receive appropriate medical treatment for his right hand. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ybarra alleges he showed Sgt. Sissero his swollen, bruised right hand on October 20, 2022. In response, she took him to medical where his hand was x-rayed. The X-Ray Imaging Tech told him it was not broken and nothing more could be done. Ybarra sues Sgt. Sissero because she did not take him to a doctor or nurse practitioner. He sues the X-Ray Imaging Tech because he later learned his hand was broken.

To prevail on an Eighth Amendment claim for a denial of medical treatment, Ybarra must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Here, Sgt. Sissero was not deliberately indifferent. She took him to medical where his hand was x-rayed and he was diagnosed as having a bruised, not a broken, hand. "[N]o prisoner is entitled to insist that one employee do another's job. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Prison staff are "entitled to relegate to the prison's medical staff the provision of good medical care." *Id*. The complaint does not state a claim against Sgt. Sissero.

To state an Eighth Amendment claim against a medical professional, Ybarra must plausibly allege that person made a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a

2

judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It is not enough that a medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, an inmate must show that the treatment decision was "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). It is unfortunate Ybarra's hand injury was initially misdiagnosed, but he has not alleged facts from which it can be plausibly inferred that was because the X-Ray Imaging Tech was deliberately indifferent.

Three days later, Ybarra submitted a healthcare request form seeking care for his hand. He alleges Tracy Pacheco is responsible for scheduling medical appointments, but she deliberately ignored his request and refused to schedule an appointment for him. This allegation states a claim against her for being deliberately indifferent to his need for medical treatment.

Ybarra was seen by Nurse Practitioner Marne J. Juestel-Ochs for a knee injury on November 1, 2022. When he showed her his hand, she sent him for an x-ray and two days later ordered he be promptly returned to the medical department for treatment. Ybarra sues her because she did not read his x-ray on November 1, 2022, and because he was not brought to medical until November 8, 2022. This complaint does not plausibly allege either delay was caused by her, much less by her deliberate indifference. There is no indication it was her job to read the x-ray - rather than the X-Ray Imaging Tech who read his prior x-ray. She ordered he be brought to the medical department for treatment, but there is no indication she was responsible for actually

3

transporting him. The facts alleged show she provided him more attention for his hand than he had previously received. They do not show she was deliberately indifferent.

Ybarra saw Dr. Jackson for a chronic care visit on December 5, 2022. During that appointment, Ybarra asked him to examine his hand. Dr. Jackson told him to put in a healthcare request to be seen for his hand because it was not part of the chronic care issues being addressed during that appointment. Ybarra sues Dr. Jackson because he did not examine his hand. The complaint does not allege facts showing that Ybarra's hand needed emergency treatment during that visit. Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). It was not deliberately indifferent for Dr. Jackson to continue with the chronic care issues and refer Ybarra to request a separate visit to address the ongoing issues with his hand.

Ybarra sues Warden John Galipeau because he did not properly train or supervise the other defendants. Failure to train and supervise claims can only be brought against a municipality. *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (affirming dismissal of failure to train and supervise claims brought against State warden). There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The complaint does not state a claim against Warden Galipeau.

Ybarra sues Centurion Health of Indiana, LLC, and Dr. Andrew Liaw because they did not properly train or supervise the medical defendants. A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Ybarra is proceeding solely on a claim against Tracy Pacheco for ignoring his request for healthcare and not scheduling him for an appointment for his hand. "[W]here a plaintiff claims that the [corporate entity] has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the [corporate entity] is not held liable solely for the actions of its employee." *J.K.J. v. Polk Cty.*, 960 F.3d 367, 378 (7th Cir. 2020). This complaint does not allege facts showing Tracy Pacheco's actions were the result of improper training, supervision, or corporate policy.

Ybarra seeks to bring State law medical malpractice and negligence claims against Centurion Health of Indiana, LLC, James Jackson, X-ray Imaging Tech, Marne J. Juestel-Ochs, Andrew Liaw, and Tracy Pacheco. The court has supplemental jurisdiction over the State law claims against Tracy Pacheco because Ybarra is proceeding on a federal claim against her. 28 U.S.C. § 1967(a). It is arguable the claims against the other five defendants are sufficiently related to be the same case or controversy, but this court will decline to exercise supplemental jurisdiction over them because they would substantially predominate over the one narrow federal claim

5

against Tracy Pacheco. *See* 28 U.S.C. § 1367(c)(2). The issues involved with whether Tracy Pacheco improperly refused to schedule Ybarra for a doctor's appointment in response to his October 23, 2022, healthcare request are dwarfed by his allegations that two physicians, a nurse practitioner, an x-ray imaging tech, and the company that employed them committed medical malpractice and were negligent in the care they provided him.

For these reasons, the court:

(1) GRANTS Randy Russell Ybarra leave to proceed against Tracy Pacheco in her individual capacity for compensatory and punitive damages for ignoring his October 23, 2022, healthcare request and refusing to schedule an appointment for his right hand in violation of the Eighth Amendment;

(2) DISMISSES all other federal claims WITH PREJUDICE;

(3) GRANTS Randy Russell Ybarra leave to proceed against Tracy Pacheco in her individual capacity for compensatory damages for negligently ignoring his October 23, 2022, healthcare request and committing medical malpractice by refusing to schedule an appointment for his right hand in violation of Indiana law;

(4) DECLINES, under 28 U.S.C. § 1367(c)(2), to exercise supplemental jurisdiction over all other State law claims;

(5) DISMISSES Centurion Health of Indiana, LLC, James Jackson, Sissero, X-ray Imaging Tech, Marne J. Juestel-Ochs, John Galipeau, and Andrew Liaw;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Tracy Pacheco at Centurion Health of Indiana, LLC, with a copy of this order and the amended complaint (ECF 5);

(7) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Tracy Pacheco to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 19, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT